OUR FILE# 13PI609
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LAVAR PARRON,

                                  Plaintiff,                        Docket No. 14CV8321

    -against--

                                                                <u>AMENDED</u>
THE CITY OF NEW YORK, NEW YORK CITY POLICE      <u>VERIFIED COMPLAINT</u>
DEPARTMENT, NEW YORK CITY DEPARTMENT OF
CORRECTIONS, CO SYVILLA LEWIS, SHIELD 5368,
CO LESHEA SMITH-WILLIAMS, SHIELD 10437,             JURY TRIAL
CO RODNEY BOWDEN, SHIELD 807, CO CRAIG              DEMANDED
JOHNSON, SHIELD 15547, CO LAWRENCE COX,
SHIELD 18969, CO JAMES WIGGINS, SHIELD 1520,
and CO CHRISTOPHER SPEARS,

                                  Defendants.
----------------------------------------------------------------X

        Plaintiff, by his attorney, MALLILO & GROSSMAN, ESQS. complaining of the defendants herein, respectfully and alleges as follows:

### JURISDICTION

        1.     Jurisdiction is founded upon the existence of a Federal Question.

        2.     This is an action to redress the deprivation and violation, under color of statute, ordinance, regulation, custom or usage, of Plaintiff's constitutional and civil rights, privilege, and immunity secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and the rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the rights secured under the Constitution of the State of New York, Article I, Sections 11 and 12, and the common law of the State of New York.

        3.     This Court has jurisdiction pursuant to 28 U.S.C. Sections §1331, §1343 (3) and 1343(4), this actions seeks redress for the violations of Plaintiff's constitutional and civil rights.

        4.     Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate all constitutional and pendant state law claims, pursuant to 28 U.S.C. §1367, as said claims have arisen out of the same case or controversy.

## VENUE

5. Venue is proper in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §1391(b) and (c), because the events giving rise to the claim occurred in the County of Bronx, which is in the Southern District of New York.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every claim.

## NOTICE OF CLAIM

7. Notice of the Plaintiff's claims, the nature of the claims, the date and time of same, the place where, and the manner in which the claims arose were duly served upon the Comptroller of the Defendants, City of New York, New York City Police Department, and the New York City Department of Corrections on November 25, 2013.

8. That the Plaintiff has duly complied with the oral examination, pursuant to Section 50-h of the General Municipal Law.

9. That more than thirty days have elapsed since the Notice of Claim has been served upon the Defendants and said Defendants have neglected or refused to make any adjustment or payment thereof.

10. That this action is commenced within one year and ninety days after the cause of action arose.

## PARTIES

11. That Plaintiff, LAVAR PARRON, is a resident of the United States.

12. That Plaintiff resided in the County of Bronx, City and State of New York at the time of the events in question.

13. At all times hereinafter mentioned, and upon information and belief, the Defendant THE CITY OF NEW YORK ("City") was and still is a municipal corporation organized and existing by virtue of the Laws of the State of New York. The City of New York is authorized under the laws of the State of New York to maintain a police department, The New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement. The City of

New York operated, maintained, and controlled the NYPD, and the Officers thereof, and assumes the risks incidental to the maintenance of a police force and employment of police officers.

14. At all times hereinafter mentioned, and upon information and belief, the Defendant THE CITY OF NEW YORK ("City") was and still is a municipal corporation organized and existing by virtue of the Laws of the State of New York. The City of New York is authorized under the laws of the State of New York to maintain a department of corrections, The City of New York Department of Correction ("DOC"), which acts as its agent providing for the care, custody and control of persons accused or convicted of crimes punishable by up to a year in jail. The City of New York operated, maintained, and controlled the DOC and the Officers thereof, and assumes the risks incidental to the maintenance of a department of corrections and employment of corrections officers.

15. At all times hereinafter mentioned Defendants, CO SYVILLA LEWIS, SHIELD 5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO. RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS were employed by the NEW YORK CITY POLICE DEPARTMENT and were acting within the scope of their employment. They are sued in their individual and official capacities.

16. At all times hereinafter mentioned Defendants, CO SYVILLA LEWIS, SHIELD 5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS were employed by the NEW YORK CITY DEPARTMENT OF CORRECTIONS and were acting within the scope of their employment. They are sued in their individual and official capacities.

17.  At all relevant times, Defendants, CO SYVILLA LEWIS, SHIELD 5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS, CO SYVILLA LEWIS, SHIELD 5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS, were on duty with the NYPD and/or DOC on October 20, 2013. At all relevant times, Defendants were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the City of New York and/or the NYPD and/or the DOC in engaging in the unlawful conduct described herein.

## STATEMENT OF FACTS

18.  On October 20, 2013, while claimant was confined to a holding cell at the Bronx Central Booking, located at 215 East 161st Street, County of Bronx, City and State of New York, he was involved in a physical altercation with two other men in the cell.

19.  Without breaking up said altercation, Defendant Officer, SYVILLA LEWIS, SHIELD 5368, sprayed mace through the bars of the cell directly into Plaintiff, LAVAR PARRON'S, eyes, thereby blinding Plaintiff while Plaintiff was still being assaulted by the two males.

20.  The Plaintiff, LAVAR PARRON, was blinded by the mace and could not see after being sprayed with mace. Thereafter, Defendants, CO SYVILLA LEWIS, SHIELD 5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS, entered the cell, and physically lifted and carried Plaintiff, LAVAR PARRON, out of the cell. Defendants, CO SYVILLA LEWIS, SHIELD

5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS, physically and violently transported Plaintiff downstairs to a slop sink so Plaintiff could remove the mace from his eyes.

21. Defendant Officers, then violently threw the Plaintiff, LAVAR PARRON's head and face into said slop sink, thereby causing Plaintiff's head and face to repeatedly strike the metal knob and/or faucet, and sink.

22. The Defendant Officer then allowed Plaintiff to rinse the mace out of his own eyes.

23. Upon opening his eyes, Plaintiff observed the Defendants, Officers, leaving the area, and a Captain standing in front of him. Said Captain asked Plaintiff if he wished to press charges against the Defendant Officers.

24. As a result of the Defendant Officers' actions, Plaintiff's head and face made repeated and violent contact with the slop sink, and the metal knob and faucet attached thereto, causing Plaintiff to sustain serious personal injuries.

25. The Defendant Officers negligently, recklessly and carelessly caused Plaintiff's head and face to make contact with the slop sink, and the metal knob and faucet attached thereto, thereby causing Plaintiff's injuries.

26. The Defendant Officers acted with malice and bad faith, in intentionally abusing their power, by conspiring to assault and batter the Plaintiff, and by actually assaulting and battering the Plaintiff, using excessive force, and inflicting cruel and inhuman punishment and/or treatment upon the Plaintiff.

27. The Defendant Officers caused Plaintiff to sustain serious personal injuries as a result, in violation of his Federal and State constitutional rights.

28. That as a result of the foregoing, Plaintiff was caused physical and psychological injuries, and denied his State and Federal constitutional rights.

29. The conduct of the Defendant Officers in using excessive force to restrain,

assault, batter, and inflict cruel and inhuman punishment and/or treatment upon the Plaintiff, proximately caused the Plaintiff to suffer physical, emotional, and financial injury, as well as serious physical and emotional pain and suffering, humiliation, debasement, embarrassment, and deprivation of Plaintiff's constitutional rights.

30. That at all times relevant, the Defendant Officers acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to Plaintiff's constitutional rights, safety, and physical and mental well-being by unlawfully using excessive force to restrain, assault, batter, and inflict cruel and inhuman punishment and/or treatment upon the Plaintiff, thereby depriving Plaintiff of his Constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

31. The actions of the individual Defendants, as set for the herein were the result of the NYPD and/ or DOC's failure to properly train, supervise, monitor, and discipline its officers, including defendant officers which is a consequence of the deliberate policies and practices of the Defendants, City, NYPD and/or DOC. Such policies and practices are part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless, reckless, and intentional acts of the individual Defendants.

32. At all relevant times herein, Defendant City acting through its NYPD and /or DOC, developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference, to the Plaintiff's constitutional rights, and the violation thereof.

33. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments, thereby causing Plaintiff to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

### FIRST CAUSE OF ACTION

**Violation Of Plaintiff's Constitutional Rights, Pursuant To 42 U.S.C. §1983, And The Fifth, Eighth and Fourteenth Amendments by the Defendants, Officers**

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

35. The acts of Defendants, Officers, CO SYVILLA LEWIS, SHILED 5368, CO LESHEA SMITH-WILLIAMS, SHIELD 10437, CO RODNEY BOWDEN, SHIELD 807, CO CRAIG JOHNSON, SHIELD 15547, CO LAWRENCE COX, SHIELD 18969, CO JAMES WIGGINS, SHIELD 1520, CO CHRISTOPHER SPEARS, under color of state law, in using excessive force to restrain, assault, batter, humiliate, and inflict cruel and inhuman punishment and/or treatment upon the Plaintiff were undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did cause, serious bodily harm and injury, and pain and suffering to the Plaintiff in violation of his Constitutional rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

36. The Defendants, through their unlawful actions upon Plaintiff, violated 42 U.S.C. §1983, which prohibits the deprivation of the rights, under color of state law, to liberty, due process and equal protection secured by the Constitution of the United States.

37. As a result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his due process rights under the Fifth, Eighth and Fourteenth Amendments, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

**SECOND CAUSE OF ACTION**

### Violation of Plaintiff's Constitutional Rights, Pursuant To 42 U.S.C. §1983, And The Fourth and Fourteenth Amendments by the Defendants, Officer's

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs as if fully set forth herein.

39. As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of his right to be free from assault, battery and the use of excessive force as required by the Fourth and Fourteenth Amendments of the United States Constitution.

40. The Defendants are liable for the violation of 42 U.S.C.§1983, which prohibits the deprivation of rights, under color of state law, secured under the United States Constitution, in that they assaulted, battered and used excessive force against the Plaintiff without authority of the law, and without any reasonable cause or belief that the Plaintiff was in fact guilty of crimes, and without any legal justification for such conduct.

41. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his due process rights under the Fourth and Fourteenth Amendments, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

### THIRD CAUSE OF ACTION

### Violation of Plaintiff's Constitutional Rights, under the Eighth, Fifth, and Fourteenth Amendments predicated upon Excessive force Pursuant to 42 U.S.C. Section §1983

42. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

43. As a result of the afore-described actions, these defendants individually

deprived Plaintiff of his right to be free from cruel and inhuman punishment and to be free from such conduct that is repugnant and shocking to the conscience; the actions of the individual Defendants which included, assaulting, battering, beating and restraining the Plaintiff, caused the Plaintiff to endure pain that had no legitimate purpose other than to punish him and to cause him pain and to suffer.

44. The afore-described constitutional violations are all actionable under and pursuant to 42 U.S.C., sections 1981, 1983, 1985 and 1986.

45. The afore-described acts of the Defendants were intentional, willful and malicious, and performed with reckless disregard for and deliberate indifference to Plaintiff's Constitutional rights.

46. That the conduct of these individual Defendants exhibited a reckless disregard for human life and the safety and well-being of others and more particularly, for the life and safety and well-being of Plaintiff, LAVAR PARRON.

47. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his due process rights under the Eighth, Fifth and Fourteenth Amendments, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

### FOURTH CAUSE OF ACTION
### Monell Claim

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

49. At all relevant times, the Defendant, City, acting through the NYPD and/or DOC, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices

and/or customs exhibiting deliberate indifference to the Plaintiff's Constitutional rights, thereby causing the violation of such rights.

50. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his Constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Unites States Constitution.

51. The Constitutional abuses and violations by the Defendant, CITY, through the actions of the NYPD and/or DOC and Defendants, CO SYVILLA LEWIS, SHIELD 5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, monitored, encouraged, and sanctioned by the Defendant, CITY, including its failure to: adequately, supervise and train its officers and agents, including the individual Defendants; adequately discourage further constitutional violations on the part of its officers; to properly and adequately monitor and discipline its officers, including the individual Defendants; and properly and adequately investigate complaints of misconduct, thereby tolerating and permitting and acquiescing in said acts.

52. The Defendant, CITY, acting through its NYPD and/or DOC has developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice and/or custom of unlawful assault, battery, use of excessive force, detention and infliction of cruel and inhuman treatment upon individuals, such as Plaintiff, without authority of the law, without any reasonable suspicion or probable cause, and without any legal justification for same.

53. Defendants' unlawful actions were done willfully, knowingly, maliciously and with the specific intent to deprive Plaintiff of his Constitutional rights under the Fourth, Fifth,

Eighth, and Fourteenth Amendments to the Unites States Constitution.

54. Defendants have acted with deliberate indifference to the Constitutional rights of the Plaintiff.

55. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, and will continue to suffer damages, including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## FIFTH CAUSE OF ACTION
### New York State Claim for Abuse of Process

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

57. By the conduct and actions described above, Defendants employed regularly issued process against Plaintiff, compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm the Plaintiff without economic or social excuse or justification, and the Defendants were seeking a collateral advantage or corresponding detriment to the Plaintiff, which was outside the legitimate ends of the process. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff, and violated his statutory and common law rights as guaranteed by the laws and the Constitution of the State of New York.

58. As a proximate result of the Defendants' unlawful and discriminatory actions,

59. Plaintiff has suffered a violation of his rights under the Constitution of the State of New York, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## SIXTH CAUSE OF ACTION
### New York State Constitution, Article I, Section 12 –Excessive Force

60. Plaintiff repeats, reiterates, realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

61. Acting under the color of law, the Defendants subjected Plaintiff to an unlawful excessive force by committing a physical assault and battery upon Plaintiff, without lawful justification for same, and were designed to and did cause serious bodily harm and injury, pain and suffering to the Plaintiff in violation of his Constitutional right as guaranteed by the Constitution of the State of New York, Article I, Section 12.

62. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his due process rights under the Constitution of the State of New York, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation fear, embarrassment, and other damage and injury.

## SEVENTH CAUSE OF ACTION
### New York State Tort Claim Intentional Infliction of Emotional Distress

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

64. The Defendants' unlawful acts, in using excessive force to restrain, assault, batter, and inflict cruel and inhuman punishment and/or treatment upon the Plaintiff, so transcended the bounds of decency as to be regarded as atrocious and intolerable in a civilized society, thereby causing Plaintiff to suffer humiliation, degradation, and embarrassment, and to experience severe emotional harm.

65. As a proximate result of the Defendants' unlawful actions, Plaintiff has been damaged in that he has suffered an intentional infliction of emotional distress.

## EIGHTH CAUSE OF ACTION
### Intentional Tort – Battery

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

67. The acts of the Defendants constituted an intentional battery of the Plaintiff, in that the Defendants' used excessive force to cause the Plaintiff to suffer physical, mental and emotional injury.

68. The acts of the Defendants constituted an intentional battery of the Plaintiff, in that the Defendants' used excessive force and inflicted cruel and inhuman punishment and/or treatment upon Plaintiff by blinding Plaintiff with mace, violently transporting the Plaintiff to the slop sink, and causing Plaintiff's head and face to make repeated violent contact with the slop sink, and the metal knob or faucet attached thereto.

69. The Defendants acted under color of law, without lawful justification and without the authority of the law, in that the touching of the Plaintiff was harmful, uncontested, unprovoked and unjustified, and violated Plaintiff's rights under the laws the Constitution of the State of New York.

70. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

71. New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b)

## NINTH CAUSE OF ACTION
### Intentional Tort – Assault

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein. The acts of Defendants constituted an intentional assault upon the Plaintiff, by causing Plaintiff to be in apprehension of an immediate physical harm upon transport to the downstairs slop sink, where a battery was then inflicted upon Plaintiff, violating Plaintiff's rights under the laws the Constitution of the State of New York.

73.     As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

74.     New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b).

## TENTH CAUSE OF ACTION
### Tort Claim - Negligence

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

76.     The Defendants were negligent, careless, and reckless in failing to prevent injury to Plaintiff during Plaintiff's confinement at Bronx Central Booking.

77.     The Defendants were negligent, careless, and reckless in transporting the Plaintiff to the downstairs slop sink and in failing to prevent injury to Plaintiff during said transport.

78.     The Defendants were negligent, careless and reckless in allowing Plaintiff's face and head to come in contact with the slop sink, and the metal knob and/or faucet attached thereto.

79. The Defendants were negligent, careless, reckless and deliberately indifferent in that each failed to properly supervise and monitor the Officers who assaulted and battered the Plaintiff to prevent such conduct and acts from occurring.

80. The Defendants were negligent, careless, reckless and deliberately indifferent in that they failed to provide adequate security to Plaintiff who was in Defendants', care, custody and control at the time of the incident and injury.

81. That the aforesaid occurrences and resulting injuries to the Plaintiff were caused wholly and solely by the negligence of the Defendants, their agents, servants and employees, without any negligence on the part of the Plaintiff.

82. As a proximate result of the Defendants' actions, Plaintiff has suffered physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

## ELEVENTH CAUSE OF ACTION
### Tort Claim - Negligent Hiring And Retention

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

84. The Defendants, were negligent, careless, reckless, and deliberately indifferent in hiring, retaining, properly training, monitoring, supervising and sanctioning Defendant Officers, CO SYVILLA LEWIS, SHIELD 5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS, in that said Defendants lacked the experience, deportment and ability to be employed by the NYPD and/or DOC; in that the Defendants failed to: exercise due care and caution in their

hiring practices, and in particular, in hiring the Defendant Officers, who lacked the mental capacity and the ability to function as employees of the NYPD and/or DOC; investigate the above-named Defendants' background; train Defendants, CO SYVILLA LEWIS, SHIELD 5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS, in the proper criteria to control their tempers and exercise the proper deportment and temperament; use force prudently and only when necessary, and to otherwise act as reasonably prudent police and/or correction officers; to give Defendants proper instruction as to their behavior and conduct as representatives of their departments.

85.    As a proximate result of the Defendants' negligence, Plaintiff has been damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## TWELFTH CAUSE OF ACTION
### Respondent Superior

86.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein

87.    The conduct of the Defendant Officers, CO SYVILLA LEWIS, SHIELD 5368; CO LESHEA SMITH-WILLIAMS, SHIELD 10437; CO RODNEY BOWDEN, SHIELD 807; CO CRAIG JOHNSON, SHIELD 15547; CO LAWRENCE COX, SHIELD 18969; CO JAMES WIGGINS 1520; and CO CHRISTOPHER SPEARS, occurred while on duty and in uniform, in and during the course and scope of their employment, while acting as agents and employees of the Defendants, City, NYPD and/or DOC.

88.    Therefore, Defendant, City is liable to the Plaintiff pursuant to the doctrine

of Respondent Superior.

## THIRTEENTH CAUSE OF ACTION
### Failure to Intervene to Protect Prisoner in Custody

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

90. At all timed relevant herein, the individual Defendants were present and were charged with the constitutional duties of protection of the Plaintiff, and were charged with the duty to not knowingly, with wanton disregard, cause his life, health, and safety to be placed in danger by intentionally and/or deliberately ignoring the known dangers to Plaintiff that their actions and/or omissions placed him in.

91. Each Defendant had ample and reasonably sufficient time and opportunity to so intervene and prevent Plaintiff's injuries, and was compelled to do so as a police and/or correctional officer under the laws of the State of New York, and under the Constitution of the United States of America. In deliberate indifference to the civil rights of Plaintiff, Defendants refrained from intervening in the acts leading to Plaintiff's injuries.

92. As a result thereof, Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, Plaintiff sustained the injuries and damages alleged herein.

93. The conduct of the individual Defendants was intentional, malicious, willful, wanton and in reckless disregard of Plaintiffs constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on the individual Defendants.

## FOURTEENTH CAUSE OF ACTION
### Conspiracy to Deprive Plaintiff of his Civil Rights

94. The Defendants hired and retained in its employ police and/or correctional officers with knowledge that said officers had vicious propensities and were, therefore, unfit to be police and/or correctional officers.

95. The individual Defendants conspired with each other to engage in the unlawful conduct, including the use of excessive force to restrain, assault, batter, and inflict cruel and inhuman punishment and/or treatment upon the Plaintiff, and conspired to cover up said unlawful conduct.

96. The Defendants had actual knowledge of the conspiracy to deprive persons at the aforementioned facility of their rights under the Constitution, and each Defendant neglected and failed to prevent the interference with and the violation of Plaintiff's civil rights.

97. The afore-described constitutional violations are all actionable under and pursuant to 42 U.S.C., Sections 1981, 1983, 1985 and 1986.

98. The afore-described acts of the Defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to Plaintiff's Constitutional rights.

99. As a result of the foregoing, Plaintiff has been damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

WHEREFORE, Plaintiff demands judgment against the Defendants, as follows:

A declaration that Defendants' conduct violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and under the New York State Constitution;

An award of damages for pain and suffering in the amount of Five Million Dollars ($5,000,000.00) for each aforementioned Cause of Action;

An award of punitive damages;

An award of attorneys' fees pursuant to 42 U.S.C. §1988;

An award of costs of suit pursuant to 42 U.S.C. §1920 and 1988; and

An award of such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Flushing, New York
       July 30, 2015

MALLILO & GROSSMAN

By:_____
JESSICA KRONRAD, ESQ.
Attorney for Plaintiff
163-09 Northern Blvd.
Flushing, New York
(718) 461-6633